**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMAR OSBORNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | No. 3:20-CV-0122-C-BH |
| | ) | |
| **UNIVERSAL PROTECTION SERVICES,** | ) | |
| **LP d/b/a ALLIED UNIVERSAL, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge[1]** |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the plaintiff's *Motion for Leave to Conduct Limited Discovery Prior to Rule 26(f) Conference*, filed January 25, 2020 (doc. 8). After consideration of the relevant filings and the applicable law, the motion is **DENIED**.

The plaintiff initially filed this employment discrimination action against his former employer, several of his coworkers, and an entity that contracted with his employer, on January 16, 2020, and he amended his complaint two days later. (*See* docs. 3, 4.) The docket does not reflect that any defendant has been served with process, and no answer has been filed. The plaintiff seeks leave to conduct limited discovery on his employer in order to obtain information about his coworkers so that he may serve process on them.

Rule 26(d) of the Federal Rules of Civil Procedure provides that a party may not seek discovery from any source prior to the parties' Rule 26(f) planning conference except as authorized by the rules, by agreement, or by court order. Fed. R. Civ. P. 26(d). Although the Fifth Circuit Court of Appeals has not addressed the applicable standard for determining whether to authorize expedited discovery, "[a]n increasing majority of district courts[, including several in this circuit,]

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

have adopted a 'good cause' standard." *St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239-40 (S.D. Tex. 2011).[2] This standard requires courts to examine "'the entirety of the record'" and "'the reasonableness of the request in light of all of the surrounding circumstances,'" and "'[g]ood cause may be found 'where the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* at 239 (quoting *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 327 (S.D.N.Y.2005), and *Energy Prod. Corp. v. Northfield Ins. Co.*, No. No. 10-0933, 2010 WL 3184232, at \*3 (E.D. La. Aug. 6, 2010)); *see also Wachovia Securities, L.L.C. v. Stanton*, 571 F.Supp.2d 1014, 1050 (N.D. Iowa 2008) (the good cause analysis requires courts to "balanc[e] the need for expedited discovery, in the administration of justice, against the prejudice to the responding party, and consider[] the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances."). "In essence, a 'good cause' analysis is akin to a broader and more flexible totality of the circumstances analysis." *Id.* at 239-40.[3] The burden of showing good cause is on the party seeking discovery prior to the parties' Rule 26(f) conference. *St. Louis Group, Inc.*, 275 F.R.D. at 240; *El Pollo Loco, S.A. de C.V.*

---

[2] This approach has also been called the reasonableness test. *See Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 327 (S.D.N.Y.2005); *Qwest Communic'ns Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419-20 (D.Colo.2003); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002). Courts using this approach have criticized the test set forth in *Notaro v. Koch,* 95 F.R.D, 403 (S.D.N.Y. 1982), which is similar to that for a preliminary injunction in that it requires a showing of irreparable injury, some probability of success on the merits, some connection between the expedited discovery and the avoidance of the irreparable injury, and some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. *See Patterson Enterprises Ltd. v. Whitmore Mfg. Co.*, No. 3:11-CV-974-L, 2011 WL 13233312, at \*1 n. 1 (N.D. Tex. May 12, 2011); *see also St. Louis Group, Inc.*, 275 F.R.D. at 240; *Sunflower Elec. Power Corp. v. Sebelius*, No. 08-2575-EFM-DWB, 2009 WL 774340, at \*2-3 (D. Kan. Mar. 20, 2009) (discussing the two tests). This Court agrees with the rationale for applying the more flexible good cause, or reasonableness, test.

[3] Some courts have also considered (1) the pendency of a preliminary injunction hearing, (2) the breadth of the moving party's discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendants to comply with the requests, and (5) how far in advance of the typical discovery process the request was made. *See Patterson Enterprises Ltd.*, 2011 WL 13233312, at \*1 (citing *In re Fannie Mae Derivative Litig.,* 227 F.R.D. 142 (D.D.C. 2005)).

*v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D.Tex. 2004) (citing 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2046.1 (2d ed. 1998)).

Here, the plaintiff's motion was filed *ex parte* before an opportunity for answer. "*Ex parte* motions are rarely justified." *Yokohama Tire Corp. v. Dealers Tire Supply*, 202 F.R.D. 612, 613 (D. Az. 2001) (denying motion for expedited discovery solely because defendant had not been served with motion and given opportunity to be heard). Adverse parties are presumptively entitled to notice and an opportunity for hearing. *Schnee-Morehead, Inc. v. Parr Tech., LLC*, No. 3:07-CV-1809-M, 2007 WL 3228048 (N.D. Tex. Oct. 31, 2007) (citing *Yokohama*); *see also Ayyash*, 223 F.R.D. at 327 (applying "heightened scrutiny" to request for expedited discovery because it was made *ex parte*). Although the plaintiff seeks limited discovery in order to be able to serve the individual defendants, he has not provided more than a conclusory statement in support of his request. This is insufficient to meet his burden to show good cause. His motion does not indicate whether he has made any unsuccessful efforts to have the individuals served where they work, or whether he has taken any efforts to communicate with them in order to facilitate service or a waiver of service. The plaintiff has not met his burden to show good cause justifying expedited discovery on an *ex parte* basis, and his motion to expedite discovery is denied.

**SO ORDERED this 28th day of January, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE